**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Jack J. Slim,<br><br>      Plaintiff<br><br>        v.<br><br>Life Insurance Company of North America, Royal Blue Hospitality, LLC d/b/a El Conquistador Resort-Puerto Rico, et al,<br><br>      Defendants. | **Civil No. 24-1162(GMM)** |

<u>**OPINION AND ORDER**</u>

Before the Court is Defendant Life Insurance Company of North America's ("LINA" or "Defendant") *Motion to Dismiss*. (Docket No. 23). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the *Motion to Dismiss*.

## I.      BACKGROUND

The following facts, drawn from the Amended Complaint, are accepted as true for purposes of the *Motion to Dismiss*. Jack Javier Slim ("Plaintiff") is a citizen of the United States employed by Royal Blue Hospitality, LLC, d/b/a El Conquistador Resort-Puerto Rico ("Royal Blue") since August 16, 2021, in the Municipality of Fajardo, Puerto Rico. (Docket No. 13). As part of his employment, Plaintiff qualified and was a beneficiary under Royal Blue's *Group Term Dependent Life Insurance* ("the Plan") in the amount of

Civil No. 24-1162 (GMM)
Page – 2 –

$250,000.00. (Id. at 3). The Plan was underwritten and administered by LINA. (Id. ¶13).

The Plan provided for a *Spouse Guaranteed Issue Amount* of $30,000.00, but employees could elect to purchase supplemental coverage in amounts higher than the guaranteed life coverage limit for their eligible dependent ("supplemental coverage") up to $250,000.00. This, if they paid the premium for such supplemental coverage, for which Royal Blue deducts premiums from the employees' pay. Under the Plan, employees who purchase supplemental coverage are required to provide evidence of insurability ("EOI") to the LINA Medical Underwriter as a condition for coverage. (Id.)

Plaintiff alleges that he opted for supplemental Plan benefits for his wife, Stephanie Slim ("Mrs. Slim"), in the additional supplemental amount of $250,000.00, effective as of November 16, 2021. To that extent, Plaintiff avers that on November 17, 2021 he completed, executed and submitted a signed EOI Form to Royal Blue. (Id. at 4). Thereafter, over the course of the following fifteen (15) months, LINA collected premiums which Royal Blue deducted from the Plaintiff's pay destined for the supplemental coverage of $250,000.00 acquired by the plaintiff for his spouse. (Id.).

On February 16, 2023, Mrs. Slim passed away without having any children. Following the death of his spouse, Plaintiff filed a claim for benefits under the Plan, including the supplemental

Civil No. 24-1162 (GMM)
Page – 3 –

coverage. (Id.). Royal Blue processed Plaintiff's claim for benefits under the Plan, including the supplemental coverage for his deceased wife, with LINA. (Id. at 5). Plaintiff alleges that through a letter dated October 4, 2023, LINA informed him that he would receive the Guaranteed Issue Amount of $30,000.00, representing the *Spouse Guaranteed Issue Amount*, but denied the claim for supplemental coverage of $250,000.00, because: (a) no proof was received that Mrs. Slim satisfied the EOI requirement; and (b) the Insurer never agreed to insure Mrs. Slim in writing for any amount over $30,000.00. (Id.).

On October 11, 2023, LINA allegedly advised Royal Blue by e-mail that they had completed the spousal claim for Plaintiff, but a portion of his claim was denied because of lack of EOI on file. (Id. at 5). By letter of the same date, LINA allegedly asked Royal Blue to refund the premiums paid by Plaintiff for the supplemental spousal coverage. (Id.).

Plaintiff filed an administrative appeal with LINA on October 26, 2023. He claimed that Royal Blue had been serving upon LINA the premiums deducted by Royal Blue from his pay for the supplemental coverage, and LINA had been receiving them throughout without objection. (Id.). On December 21, 2023, LINA denied Plaintiff's appeal. It alleged that Mrs. Slim was never effective for Group Term Dependent Life Insurance benefits above the $30,000.00 paid. (Id. at 5-6).

Civil No. 24-1162 (GMM)
Page – 4 –

On April 3, 2024, Plaintiff filed a Complaint before this Court pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et seq. On July 19, 2024, upon leave from the Court, Plaintiff filed an Amended Complaint. (Docket No. 13). Therein, Plaintiff alleges that LINA has a fiduciary duty, pursuant to ERISA Sections 404(a)(1)(A) and 404(a)(1)(B), to ensure that it makes eligibility determinations for each employee or their eligible dependent for supplemental coverage at or near the time LINA receives premiums for such coverage. Consequently, Plaintiff cites Section 502 (a)(1)(B) and posits that LINA violated the provisions of ERISA for coverage, by requiring EOI, to accept the premiums deducted by Royal Blue from Plaintiff's pay for the supplemental coverage, without timely ensuring they had received EOI from the participant, to then deny his claim on the basis that he lacked EOI. (Id. at 8). In addition, Plaintiff argues that Royal Blue and LINA are jointly liable. This, since Blue, as Plaintiff's employer and recordkeeper for LINA in connection to the Plan benefits and supplemental spousal benefits, allegedly failed to properly administrate Plaintiff's supplemental spousal coverage plan. He adds that Blue failed to ensure that all records of the premiums collected and all necessary information and documents, including, but not limited to an EOI, were timely submitted to LINA on behalf of the plaintiff. (Id. at 9). Plaintiff also claims damages for the alleged ERISA violations. (Id. at 10).

Civil No. 24-1162 (GMM)
Page – 5 –

On August 29, 2024, LINA filed the *Motion to Dismiss* that is now before the Court. (Docket No. 23). LINA alleges that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Particularly, LINA posits that Plaintiff cannot recover benefits or damages for a breach of fiduciary duties claim under ERISA as a matter of law, because while mentioning Section 502(a)(1)(B) in passing, Plaintiff is really bringing forth a breach of fiduciary duties claim under Section 502(a)(2). LINA argues that Plaintiff "is clearly articulating a breach of fiduciary duties claim, but demanding plan benefits as a remedy." (<u>Id.</u> at 7). In addition, LINA contends that "it is settled law that that compensatory and punitive damages are unavailable for any claims under ERISA." (<u>Id.</u>). Furthermore, LINA claims that jury trial is not available under ERISA. (<u>Id.</u> at 8).

On September 19, 2024, Plaintiff filed his *Opposition to Motion to Dismiss*. (Docket No. 30). Therein, Plaintiff argues that his claims are validly brought under Section 502(a)(1)(B) of ERISA. According to Plaintiff, Section 502(a)(1)(B) of ERISA "empowers a beneficiary like Slim to bring a civil action to recover benefits due to him under the terms of his plan and to enforce his rights under the terms of the plan". (<u>Id.</u> at 5). However, Plaintiff "concedes that damages are not available under ERISA and desists from any such claim as asserted in ¶ 50 of the Third Cause of Action insofar as LINA is concerned." (<u>Id.</u> at 2, Footnote 2). Also,

Civil No. 24-1162 (GMM)
Page – 6 –

Plaintiff recognizes that the majority of circuits, including the
First Circuit, have found there is no right to a jury trial under
ERISA, but suggests that "any trial for a claim under §
502(a)(1)(B)[—that is, a claim for plan benefits—] would be a bench
trial". (Id. at 10).

On October 4, 2024, LINA filed a *Reply to Opposition to Motion
to Dismiss*. (Docket No. 34). LINA posits that Plaintiff's Amended
Complaint fails at the second step of the 12(b)(6) analysis, since
his allegations of breach of fiduciary duty under Section 502(a)(2)
do not give rise to a right to recover benefits under ERISA. (Id.).
LINA reiterates that "it is clearly established that a Plaintiff
cannot recover benefits or, for that matter, damages for a breach
of fiduciary duty claim". (Id. at 2). To this point, LINA sustains
that Plaintiff conceded that damages are not available and
withdraws that claim in his *Opposition to Motion to Dismiss*. (Id.
at 3). As to the jury trial request, LINA also argues that
Plaintiff conceded that it is not available. (Id.).

On October 21, 2024, Plaintiff filed a *Surreply to Reply to
Opposition to Motion to Dismiss*. (Docket No. 39). Plaintiff
sustains that he has stated a cognizable claim upon which relief
may be granted against LINA under Section 502(a)(1)(B) of ERISA.
He further posits that that dismissal of his suit to recover
benefits is not warranted at this stage because he must be afforded

Civil No. 24-1162 (GMM)
Page - 7 -

the opportunity to provide a complete evidentiary record for the Court to rule upon. (Id. at 2-5).

## II.    LEGAL STANDARD

A.   Motion to Dismiss Standard Rule 12(b)(6)

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted." Cortés-Ramos v. Martin-Morales, 956 F.3d 36, 41 (1st Cir. 2020) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

## III.    APPLICABLE LAW AND ANALYSIS

A.   Background on ERISA

ERISA governs "employee benefit plans" that cover employees' retirement benefits, health benefits, and, as relevant for this case, death benefits. ERISA sets forth several civil enforcement

Civil No. 24-1162 (GMM)
Page – 8 –

provisions. *See* 29 U.S.C. § 1132(a)[1]; *See also* <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 496 (1996).

If an ERISA fiduciary breaches their fiduciary duty, Section 409 makes them liable to the plan. Further, Section 502(a)(2) allows plan participants to bring a derivative action to enforce Section 409. However, recovery under Section 502(a)(2) goes to the plan, not to the beneficiary bringing the action. <u>Mass. Mut. Life Ins. Co. v. Russell</u>, 473 U.S. 134, 140 (1985). Certainly, a single beneficiary might benefit indirectly by increasing their plan's assets. Yet, if the beneficiary wants to recover directly, as Plaintiff does, then he would need to sue under a different provision of Section 502's enforcement scheme.

There are two major provisions to pick from. Subparagraph 502(a)(1)(B) allows a "beneficiary" to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." If that doesn't provide the beneficiary with the relief that he seeks, then he can resort to Section 502(a)(3), the enforcement scheme's "catchall" provision, which allows a beneficiary to sue "to enjoin any act or practice which violates [ERISA] or the terms of the plan," or "to

---

[1] Subparagraph 502(a)(1)(B) and § 502(a)(3) of ERISA are codified at 29 U.S.C. § 1132(a)(1)(B) and (a)(3), respectively. But, in keeping with the trend in this practice area, we refer to them and the other statutory provisions by their ERISA designation, not by their place in the U.S. Code.

Civil No. 24-1162 (GMM)
Page – 9 –

obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce [ERISA] or the terms of the plan." *see* <u>Varity</u>, 516 U.S. at 512.

With this background in mind, the Court analyzes Plaintiff's claims.

### 1. <u>Breach of fiduciary duty claims against LINA</u>

In his Amended Complaint, Plaintiff includes three causes of actions in connection to the denial of certain supplemental spousal life insurance benefits. To that extent, Plaintiff cites Section 502 (a)(1)(B), although he makes allegations that LINA breached its fiduciary duties by, among others, accepting premiums from him for the additional $250,000.00 in supplemental life insurance coverage, without ensuring to make a timely eligibility determination to make the policy effective. Plaintiff asserts that "LINA is liable under ERISA to the plaintiff for the supplemental coverage of $250,000.00 acquired by the plaintiff for his spouse, Mrs. Slim." (Docket No. 13 at 8). Elsewhere in the Complaint, Plaintiff posits that LINA is liable for that whole amount of the supplemental coverage, in addition to "all damages arising thereof, and all the reasonable attorney's fees and costs incurred by the plaintiff to obtain relief." (<u>Id.</u> at 10). However, in his *Opposition to Motion to Dismiss*, Plaintiff desisted from any claim for damages "as asserted in ¶ 50 of the Third Cause of Action insofar as LINA is concerned." (Docket No. 30 at 2, Footnote 2).

Civil No. 24-1162 (GMM)
Page – 10 –

ERISA recognizes two avenues through which a plan participant may maintain a breach of fiduciary duty claim: (1) a Section 502(a)(2) claim to obtain plan-wide relief, *see* 29 U.S.C. § 1132(a)(2); and (2) an individual suit under Section 502(a)(3) to obtain equitable relief, *see* 29 U.S.C. § 1132(a)(3). Section 502(a)(2) enables a plan "participant, beneficiary [,] or fiduciary" to bring a civil action "for appropriate relief under Section [409 of ERISA]." Section 409 provides as follows:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). Therefore, suits brought pursuant to Section 502(a)(2) are derivative in nature and those who bring suit do so on behalf of the plan. Evans v. Akers, 534 F.3d 65, 70 n.4 (1st Cir. 2008) (*citing* Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. at 141). Parties bringing Section 502(a)(2) claims must seek relief as to the plan rather than to any given individual beneficiary. In fact, the Supreme Court in LaRue v. DeWolff, Boberg & Assocs., Inc., 552 U.S. 248, 254 (2008), stated that, although Section 502(a)(2) allows for suits based on injuries to an individual participant in a defined contribution plan, "§

Civil No. 24-1162 (GMM)
Page – 11 –

502(a)(2) does not provide a remedy for individual injuries
distinct from plan injuries." Id. at 256.

It is clear from the pleadings that Plaintiff does not seek
plan-wide relief. He does not indicate in his Amended Complaint or
opposition filings that he brings this claim on behalf of the Plan
or seeks that a remedy as to the Plan. Since Plaintiff seeks
remedies paid to himself, and not to the Plan, he does not state
a claim for relief under Section 502(a)(2).

Consequently, ERISA authorizes him a breach of fiduciary duty
claim only if he seeks "appropriate equitable relief" under Section
502(a)(3). 29 U.S.C. § 1132(a)(3); Varity Corp. v. Howe, 516 U.S.
at 512; Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 109–10
(1st Cir.2002); LaRocca v. Borden, Inc., 276 F.3d at 27–28. The
Supreme Court has described Section 502(a)(3) as a "safety net"
that provides appropriate equitable relief for injuries that
Section 502 does not elsewhere adequately remedy. Varity, 516 U.S.
at 512. Section 502(a)(3), therefore, does not authorize an
individualized claim where the plaintiff's injury finds adequate
relief in another part of ERISA's statutory scheme. Id. at 512,
515; see also LaRocca, 276 F.3d at 27–28; Turner v. Fallon Cmty.
Health Plan, 127 F.3d 196, 200 (1st Cir.1997). Following Varity,
"federal courts have uniformly concluded that, if a plaintiff can
pursue benefits under the plan pursuant to Section [502(a)(1)(B)],

Civil No. 24-1162 (GMM)
Page – 12 –

there is an adequate remedy under the plan which bars any further remedy under Section [502(a)(3)].” <u>LaRocca</u>, 276 F.3d at 28.

Furthermore, the First Circuit has decided that payment of life insurance benefits is not “equitable relief” under ERISA. <u>Todisco v. Verizon Commc'ns, Inc.</u>, 497 F.3d 95, 99-100 (1st Cir.2007); *see also* <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204, 210, (2002) (enforcement of contractual obligation to pay money is not relief “typically available in equity” as required under section 502(a)(3)).

Therefore, the Court deems that Plaintiff fails to state claim for breach of fiduciary duties under Section 501 (a)(2) and (a)(3).

2.   <u>Claim Under ERISA Section 502(a)(1)(B)</u>

Section 502(a)(1)(B) of the ERISA statute provides, in part, that a participant or beneficiary may bring a civil action to “recover benefits due to him under the terms of his plan.” 29 U.S.C. § 1132(a)(1)(B). <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 62-63(1987).

As discussed *supra*, LINA seeks to dismiss Plaintiff's claims arguing that he cannot recover benefits or damages for a breach of fiduciary duty claim under ERISA as a matter of law, because while mentioning Section 502(a)(1)(B) in passing, Plaintiff is really bringing forth a breach of fiduciary duties claim under Section 502(a)(2). Indeed, Plaintiff alleges on three occasions throughout his pleadings that LINA breached its fiduciary duties to him as a

Civil No. 24-1162 (GMM)
Page – 13 –

plan beneficiary. Although Plaintiff appears to at times conflate a breach of fiduciary duties claim with a denial of benefits claims, the fact is that the Amended Complaint contains more factual allegations to support a standard denial of benefits dispute. First, as part of his factual allegations Plaintiff: 1) posits that LINA is the Plan administrator (Docket No. 13 at 3 ¶13); that he opted for supplemental plan benefits for his wife in the additional amount of $250,000.00 and to that end he alleges he submitted an EOI Form to his employer (Id. at 4 ¶15-16); that following the death of his spouse, he filed a claim for benefits under the Plan, which was processed and denied due to the inexistence of proof that Mrs. Slim satisfied the EOI requirement (Id. at 5 ¶¶20-22); and that he appealed the denial of benefits (Id. at 5-6 ¶¶24-26). Second, as part of his First Cause of Action, he only cites Section 502(a)(1)(B) in connection to recovering benefits. (Id. at 7 ¶35). Third, in his request for relief he requests that LINA "honor and pay the supplemental Plan benefits that he acquired in the name of his wife." (Id. at 10 ¶50).

Furthermore, LINA concedes in two separate filings that even though based on the Amended Complaint he cannot recover benefits for breach of fiduciary duties under Section 502(a)(2), "Plaintiff can certainly recover benefits due to him under the terms of the plan under section 502(a)(1)(B)." (Docket No. 34 at 2-3); *see also* (Docket No. 23 at 6-7).

Civil No. 24-1162 (GMM)
Page – 14 –

After construing the well-pleaded facts of the Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff sufficiently pleads a claim pursuant to Section 502(a)(1)(B) against LINA. Moreover, based on the factual allegations in Plaintiff's Amended Complaint and the insufficient record before it, at this time the Court cannot determine at the motion to dismiss stage whether Plaintiff will not be able to recover on their claim under Section 502(a)(1)(B). Specifically, when there are outstanding factual disputes regarding the submission of the EOI and other matters needed to determine if Plaintiff is seeking to recover a benefit "under the terms of the Plan." Therefore, dismissal pursuant to Rule 12(b)(6) is not appropriate and the Court declines, at this time, to dismiss Plaintiff's Section 502(a)(1)(B) claim against LINA.

B.   Damages and Jury Trial under ERISA

In their *Motion to Dismiss*, LINA argues that Plaintiff cannot claim damages under any theory of recovery and that the claim for damages included in the Third Cause of Action of the Amended Complaint must be dismissed as a matter of law. (Docket No. 23 at 7). In addition, LINA contends that jury trial, as requested by Plaintiff, is not available under ERISA. (Id. at 8)

As to the claim for damages, this matter is moot since Plaintiff conceded that damages are not available and withdrew that claim in his *Opposition to Motion to Dismiss*. (Docket No. 30

Civil No. 24-1162 (GMM)
Page – 15 –

at 2, Footnote 2). However, for clarity of the record, it is well established in the First Circuit that compensatory and punitive damages are unavailable under ERISA. *See* <u>Massachusetts Mut. Life Ins. Co. v. Russell</u>, 473 U.S. at 148; <u>Tous Fernos v. Magellan Health Services, Inc.</u>, No. CV 08-2343 (JAG), 2009 WL 10720163, at *7 (D.P.R. July 31, 2009) *citing* <u>Drinkwater v. Metropolitan Life Ins. Co.</u>, 846 F.2d 821, 824 (1st Cir. 1988); <u>LaRocca v. Borden</u>, Inc., 276 F.3d 22, 28 n.6.

Accordingly, the Third Case of Action included in the Amended Complaint is **dismissed with prejudice** pursuant to applicable caselaw.

Regarding Plaintiff's demand for jury trial, "ERISA does not provide for a trial by jury and the majority of courts, within and without the First Circuit, have found no congressional intent to provide such a right." <u>Gammon v. Reliance Stand. Life Ins. Co.</u>, 444 F.Supp.3d 221, 226 (D. Mass. 2020) (*quoting* <u>Turner v. Fallon Cmty. Health Plan Inc.</u>, 953 F.Supp. 419, 423 (D. Mass 1997) (denying plaintiff a jury trial in an ERISA case)); *see also* <u>Tracey v. Mass. Inst. of Tech.</u>, No. CV 16-11620-NMG, 2019 WL 1005488, at *4 (D. Mass. Feb. 28, 2019), aff'd, 395 F.Supp.3d 150 (D. Mass. 2019) ("In accord with the great weight of authority in the federal courts holding actions under ERISA to remedy alleged violations of fiduciary duties are equitable in nature, there is no right to a jury trial under the Seventh Amendment in this action."); <u>Medina</u>

Civil No. 24-1162 (GMM)
Page – 16 –

v. Triple-S Vida, Inc., 832 F.Supp.2d 117, 119 (D.P.R. 2011). The First Circuit has held that juries should not be used where the district court is reviewing ERISA administrative decisions. *See* Recupero v. New England Tel. & Tel. Co., 118 F.3d 820, 831-32 (1st Cir. 1997).

In accordance with this precedent, the Court **denies** Plaintiff's jury demand. The responsibility of decision will rest on the Court based on the admissible administrative record.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** LINA's *Motion to Dismiss*. The First and Second Causes of Actions survive dismissal as to Plaintiff's Section 502(a)(1)(B) claims against LINA. Plaintiff's Third Cause of Action is dismissed with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, November 22, 2024.


                                        s/Gina R. Méndez-Miró
                                        GINA R. MÉNDEZ-MIRÓ
                                        UNITED STATES DISTRICT JUDGE